(C. D. 447)

F. W. BAUDE *v.* UNITED STATES

United States Customs Court, Third Division

(Decided March 7, 1941)

*Harper & Harper (Walter I. Carpeneti* of counsel) for the plaintiff.
*Charles D. Lawrence,* Acting Assistant Attorney General (*Joseph E. Weil,* special attorney), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges

CLINE, Judge: This is a suit against the United States in which the plaintiff seeks to recover a part of the duty assessed on certain buttons at the rate of 25 per centum ad valorem plus 1½ cents per line per gross under paragraph 1510 of the Tariff Act of 1930. The collector does not state in his letter transmitting the case to the court how the merchandise was classified but the defendant called the United States customs examiner who wrote the advisory classification on the invoice, reading "1½¢ 25%, 1510," and he testified that he classified the merchandise as buttons made in imitation of, or similar to pearls.

The plaintiff claims in his protest that the merchandise is dutiable at 25 per centum ad valorem under paragraph 1510 of the Tariff Act of 1930 and T. D. 49458. The citation T. D. 49458 refers to the trade agreement with Czechoslovakia. It is noted that the rate of 25 per centum ad valorem under paragraph 1510 of that agreement relates to "Buttons not specially provided for, wholly or in chief value of glass." The merchandise was imported while the trade agreement with Czechoslovakia was in force.

The record shows that the imported buttons were made of glass and it is manifest that they are dutiable at 25 per centum ad valorem under the provisions of the trade agreement with Czechoslovakia in the event that they are not specially provided for elsewhere. Paragraph 1510 of the Tariff Act of 1930 reads in part as follows:

PAR. 1510. Buttons commonly known as agate buttons, and buttons made in imitation of or similar to pearl, shell, or agate buttons (except buttons commonly known as Roman pearl and fancy buttons with a fish-scale or similar to fish-scale finish), 1½ cents per line per gross and 25 per centum ad valorem; * * *

The importer, Mr. F. W. Baude, appeared as a witness in his own behalf. He testified that he has been in the commission and jobbing business since 1914, selling merchandise on the Pacific coast and as far east as Denver. His attention was directed to the items described as "Glass Buttons loose" on the invoice and he testified that three official samples, which were retained by the appraiser, represented

the goods. The samples were admitted in evidence and marked "collective exhibit 1" and the witness testified as follows:

Q. Are those buttons in imitation of shell, plaintiff's Collective Exhibit 1?— A. No.

Q. Are they in imitation of agate?—A. No, they are not.

Q. Are they similar to agate?—A. I don't think so.

Q. Are they similar to shell?—A. No; not to my way of thinking.

Q. Are they similar to pearl?—A. No.

The witness testified that he does not sell any buttons under the name "imitation pearl buttons." On cross-examination he was asked what he understood by the expression "similar to pearl" and he referred to a button which was admitted in evidence and marked "defendant's illustrative exhibit A." He was then asked the following questions:

X Q. You say that Illustrative Exhibit A, which has been produced by you, in your opinion is a pearl button?—A. It is what is termed "ocean shell pearl."

X Q. Would you say that in your opinion—I show you one of the buttons of Collective Exhibit 1—and ask you whether or not in your opinion you would say that that button which has been produced from Collective Exhibit 1, is similar or is an imitation of Illustrative Exhibit A?—A. I would not say so.

The defendant called Mr. Patrick B. Devine, a customs examiner at the port of San Francisco with 24 years of experience. He testified that he has been classifying merchandise like collective exhibit 1 for 10 years. When asked to compare collective exhibit 1 with illustrative exhibit A, he said "they are alike and similar, and it is an imitation of shell button."

The following appears on cross-examination:

Q X. Do you know what an imitation pearl button is?

Mr. WEIL. What do you mean? In the trade?

Mr. CARPENETI. No; I am asking him if he knows what an imitation pearl button is.

A. I know if it is an imitation of pearl, yes.

Judge DALLINGER. Do you know how imitation pearl buttons are made, Mr. Witness?

The WITNESS. I don't know.

Q X. Do you know what they are made of?—A. No; I do not.

The plaintiff claims that the record in this case is sufficient to overcome the presumption of correctness attaching to the collector's classification, citing *United States* v. *Freitag & Sons, Inc., et al.*, 21 C. C. P. A. 500, T. D. 46961. The court held in that case that the glass buttons before the court were dutiable under the provision for "buttons not specially provided for" at 45 per centum ad valorem under the last sentence of paragraph 1510 of the Tariff Act of 1930 rather than under the provision for "buttons commonly known as agate buttons, and buttons made in imitation of or similar to pearl, shell, or agate buttons" in the first sentence. In considering the mean-

ing of the word "similar" in the above provision, the court said at page 507:

* * * We do think, however, that in determining what is similar to pearl, or shell, buttons, one of the most important considerations would be the question of use, because the injury which Congress sought to prevent lay in the use of the imported article.

*     *     *     *     *     *     *

While it would be very difficult to lay down a hard and fast definition of the word "similar" as used by Congress in the involved provision, and we do not intend to do so in this opinion, nevertheless we think that an imported button ordinarily should be regarded as similar to pearl or agate buttons, within the meaning of this paragraph if the imported button so resembled the pearl or agate button that one could be easily substituted for the other in a commercial way. Color, shape, appearance, value, use, and probably many other things might be of importance in the consideration of this question.

The question involved in this case is whether the evidence is sufficient to show that the buttons herein involved are not specially provided for in paragraph 1510 of the Tariff Act of 1930, wherein they were classified by the collector. One witness testified that in his opinion they were not in imitation of shell or agate, or similar to agate, shell or pearl buttons, while the other witness expressed the opinion that they were an imitation of a shell button. Each witness testified to a conclusion and neither gave any reasons for his conclusion. The appellate court suggested the facts required to prove that one button was similar or dissimilar to another, but the plaintiff failed to offer evidence of such facts in this case.

The buttons in collective exhibit 1 are substantially the same color as the shell button in illustrative exhibit A but they do not have as brilliant a luster as the shell button and each one has an opalescent line part of the way across its surface which is not as opaque as the remainder of the surface of the button. The imported buttons are of the same shape as illustrative exhibit A, but no evidence was introduced to prove that they do not have the same use.

We are of opinion that the plaintiff failed to overcome the presumption of correctness attaching to the collector's decision by the evidence introduced in this case. The protest is accordingly overruled. Judgment will be entered in favor of the defendant.